Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Elizabeth Mack** |
| | Full Name (First, Middle, Last) |
| Debtor 2 | |
| (Spouse, if filing) | Full Name (First, Middle, Last) |
| United States Bankruptcy Court for the | **NORTHERN DISTRICT OF MISSISSIPPI** |
| Case number: | 22-13280-JDW |
| (If known) | |

[✓] Check if this is an amended plan, and list below the sections of the plan that have been changed.

8.1

# Chapter 13 Plan and Motions for Valuation and Lien Avoidance

12/17

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.

In the following notice to creditors, you must check each box that applies

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.**

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | [✓] Included | [ ] Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | [ ] Included | [✓] Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | [✓] Included | [ ] Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1    Length of Plan.**

The plan period shall be for a period of __**60**__ months, not to be less than 36 months or less than 60 months for above median income debtor(s). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2    Debtor(s) will make payments to the trustee as follows:**

Debtor shall pay __**$2,449.00**__ ([✓] monthly, [ ] semi-monthly, [ ] weekly, or [ ] bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

Direct Pay

Debtor  **Elizabeth Mack**                              Case number _____

Joint Debtor shall pay ____ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the joint debtor's employer at the following address:

_____
_____
_____

**2.3    Income tax returns/refunds.**

*Check all that apply*

☑ Debtor(s) will retain any exempt income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:
_____

**2.4 Additional payments.**
*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**Part 3:    Treatment of Secured Claims**

**3.1    Mortgages. (Except mortgages to be crammed down under 11 U.S.C. § 1322(c)(2) and identified in § 3.2 herein.).**

*Check all that apply.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.1(a)** ☑ **Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

**1**  Mtg pmts to  **21st Mortgage Corporation**
Beginning **April 2023**  @  **$1,247.94**  ☑ Plan   ☐ Direct.   Includes escrow ☑ Yes ☐ No

**1**  Mtg arrears to  **21st Mortgage Corporation**  Through  **March 2023**         **$21,360.00**

**3.1(b)** ☐ **Non-Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

Property  **-NONE-**
address: _____
Mtg pmts to _____
Beginning  month _____  @  _____  Plan   Direct.   Includes escrow  Yes  No

Property **-NONE-**  Mtg arrears to _____  Through _____  _____

**3.1(c)** ☐ **Mortgage claims to be paid in full over the plan term:** Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor.

Creditor:  **-NONE-**            Approx. amt. due: _____   Int. Rate*: _____
Property Address: _____
Principal Balance to be paid with interest at the rate above: _____
(as stated in Part 2 of the Mortgage Proof of Claim Attachment)
Portion of claim to be paid without interest: $ _____
(Equal to Total Debt less Principal Balance)

Special claim for taxes/insurance: $ ____  **-NONE-**  /month, beginning   month . _____
(as stated in Part 4 of the Mortgage Proof of Claim Attachment)

**Mississippi Chapter 13 Plan**                                Page 2

Debtor **Elizabeth Mack** Case number _____

* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District
*Insert additional claims as needed.*

**3.2** **Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☑ Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims, debtor(s) hereby move(s) the court to value the collateral described below at the lesser of any value set forth below or any value set forth in the proof of claim. Any objection to valuation shall be filed on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I).

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| Heartland Capital Investments, LLC | $4,071.00 | Painted Garage | $6,500.00 | $4,071.00 | 7.00% |
| Magnolia FCU | $8,014.00 | 2004 Hummer H2 285000 miles | $6,645.00 | $6,645.00 | 7.00% |
| Royal Furniture | $900.00 | Living Room Furniture | $300.00 | $300.00 | 7.00% |

*Insert additional claims as needed.*

#For mobile homes and real estate identified in § 3.2: Special Claim for taxes/insurance:

| Name of creditor | Collateral | Amount per month | Beginning month |
|---|---|---|---|
| -NONE- | | | |

* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District

For vehicles identified in § 3.2: The current mileage is _____

**3.3** **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4** **Motion to avoid lien pursuant to 11 U.S.C. § 522.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5** **Surrender of collateral.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

Debtor **Elizabeth Mack** Case number _____

### Part 4: Treatment of Fees and Priority Claims

**4.1 General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case.

**4.3 Attorney's fees.**

☑ No look fee: **3,600.00**

| | |
|---|---|
| Total attorney fee charged: | $**3,600.00** |
| Attorney fee previously paid: | $**1,162.00** |
| Attorney fee to be paid in plan per confirmation order: | $**2,438.00** |

☐ Hourly fee: $____. (Subject to approval of Fee Application.)

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☑ **None**. If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

**4.5 Domestic support obligations.**

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☑ The sum of $ **0.00**
☐ ____% of the total amount of these claims, an estimated payment of $____
☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**41,107.84**
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Other separately classified nonpriority unsecured claims (special claimants).** *Check one*.

☑ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

### Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

Debtor **Elizabeth Mack**                                                    Case number

| Part 7: | **Vesting of Property of the Estate** |
|---|---|

**7.1**   Property of the estate will vest in the debtor(s) upon entry of discharge.

| Part 8: | **Nonstandard Plan Provisions** |
|---|---|

**8.1**   **Check "None" or List Nonstandard Plan Provisions**

☐   **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3*

1. Absent an objection, andy Proof of Claim filed by the Internal Revenue Service and/or MDOR (priority/secured) shall be paid in full at any applicable statutory rate of interest.
2. Upon the filing of a Notice of Postpetition Mortgage Fees, Expenses, and Charges, and absent any objection being filed within 30 days after the filing of said Notice, the Trustee is authorized to pay the amount contained in the Notice as a special claim over the remaining plan term and adjust the plan payment accordingly.
3. If applicable, all ad valorem taxes, past/present/future, if not paid by the mortgage company, shall be paid direct to the taxing authority by the Debtor and not paid through the chapter 13 plan
4. The indebtedness owed to Capital One Auto Finance shall be paid directly by Debtor's daughter.

| Part 9: | **Signatures:** |
|---|---|

**9.1**   **Signatures of Debtor(s) and Debtor(s)' Attorney**
*The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their complete address and telephone number.*

X  **/s/ Elizabeth Mack**                                                        X
**Elizabeth Mack**                                                                  Signature of Debtor 2
Signature of Debtor 1

Executed on   **December 21, 2022**                                  Executed on

**1313 Taska Rd**
Address                                                                                       Address
**Byhalia MS 38611-0000**
City, State, and Zip Code                                                       City, State, and Zip Code

Telephone Number                                                              Telephone Number

X  **/s/ Robert H. Lomenick**                                         Date  **December 21, 2022**
**Robert H. Lomenick 104186**
Signature of Attorney for Debtor(s)
**126 North Spring Street**
**Post Office Box 417**
**Holly Springs, MS 38635**
Address, City, State, and Zip Code
**662-252-3224**                                                                      **104186 MS**
Telephone Number                                                              MS Bar Number
**rlomenick@gmail.com**
Email Address